IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL CURTIS REYNOLDS,

        Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Civil Action No.
3:13-CV-0950 (DNH/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

MICHAEL CURTIS REYNOLDS, *Pro Se*
USP Victorville
10671023
P.O. Box 5300
Adelanto, CA 92301

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

I.    INTRODUCTION

*Pro se* plaintiff Michael Curtis Reynolds, a federal prison inmate who, according to publicly available records, has initiated 100 proceedings and appeals in various courts throughout the country, commenced this action on

August 9, 2013.  Plaintiff's complaint names the United States as the opposing party, designated as a "respondent", although, in deference to his *pro se* status, the court has also considered his complaint to name Larry Whitehead and Joseph Noone, two Federal Bureau of Investigation agents stationed in Pennsylvania, as additional defendants.  Plaintiff's complaint alleges various constitutional deprivations leading up to his prosecution and conviction in the United States District Court for the Middle District of Pennsylvania, including claims of (1) false arrest; (2) unlawful search and seizure; and (3) fabrication of evidence; (4) fabrication of a confession and (5) fraud on the court.

Plaintiff's complaint was accompanied by a motion for leave to proceed *in forma pauperis* ("IFP").  Because I find that plaintiff does not qualify for IFP status, based upon the prior dismissal of three or more actions as frivolous for failure to state a claim, and his complaint does not disclose any basis to conclude that he can meet the imminent danger exception to the applicable three strikes provision, I am denying his application for leave to proceed *in forma pauperis* and recommending that his complaint be dismissed unless the required filing fee is paid within thirty days of the date of a decision adopting this recommendation.

II.    DISCUSSION

When a civil action is commenced in a federal district court, the statutory filing fee currently set at $400, at the time the plaintiff filed this action must ordinarily be paid. 28 U.S.C. §§ 1915(a). Although a court is authorized to permit a litigant to proceed IFP if it is determined that he is unable to pay the required filing fee, 28 U.S.C. § 1915(a)(1), section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g). The manifest intent of Congress in enacting this "three strikes" provision was to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007) (citing *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997)); *accord*, *Gill v. Pidlychak*, No. 02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J., *adopting report and recommendation by* Treece, M.J.).[1] The prophylactic effect envisioned under section 1915(g) is accomplished by requiring a prisoner who has

---

[1] All unreported decisions cited in this report have been appended for the convenience of pro se plaintiff.

3

accumulated three strikes to engage in the same cost-benefit analysis before filing suit that other civil litigants must make — that is, the provision forces inmates to assess whether the result sought to be achieved justifies the payment of the filing fee in advance, rather than in installments as provided under 28 U.S.C. § 1915(b). *Tafari*, 473 F.3d at 443.

The Second Circuit has defined a frivolous claim as one that "lacks an arguable basis either in law or in fact." *Tafari*, 473 F.3d at 442 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). *Id*. To determine whether a dismissal satisfies the failure-to-state-a-claim prong of section 1915, courts look to Rule 12(b) (6) of the Federal Rules of Civil Procedure for guidance. *Tafari*, 473 F.3d at 442. The question of whether the dismissal of a prior action constitutes a strike for purposes of section 1915(g) is a matter of statutory interpretation, and as such a question for the court. *Id.*

Not surprisingly, given the sheer number of cases that he has filed, at least three of plaintiff's actions have been dismissed as frivolous, or for not stating a cognizable cause of action. Based upon a review of plaintiff's litigation history, a judge of the Middle District of Pennsylvania concluded, that as of October 25, 2011, while incarcerated, plaintiff had previously initiated at least three actions in that court that were subsequently dismissed as frivolous. *See Reynolds v. Bittenbender*, No. 3: CV-11-1973

4

(*slip op* at 2) (M.D. Pa. Oct. 25, 2011. Based upon that decision, I find that at the time plaintiff filed this action he had accrued three strikes within the meaning of section 1915(g).

As a safety valve, section 1915(g) provides that a prisoner who is in "imminent danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g). 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). In accordance with this exception, an inmate who has had three prior "strikes" but nonetheless wishes to commence a new action IFP must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562-63. An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04-CV-10204, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

For a three-strikes litigant to qualify for the imminent danger

exception, his complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). When determining whether the requisite relationship is present a court must examine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 299 (emphasis in original).

The term "serious physical injury," as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]" *Ibrahim v. D.C.*, 463 F.3d 3, 7 (D.C. Cir. 2006). In deciding whether to invoke the exception, a court must examine the available pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

Plaintiff's claims relate to actions taken by the defendants prior to his conviction. The two individuals named are FBI agents assigned to work to Pennsylvania. Plaintiff is currently being held by the Bureau of Prison officials in California. Under these circumstances, the court is unable to

conclude that plaintiff is in imminent danger of serious physical injury and that there is a connection between his claims in this action and that charge. The imminent danger exception to the three strikes provision of section 1915(g) therefore does not apply in this instance.

III. <u>SUMMARY AND RECOMMENDATION</u>

It appears certain that the plaintiff, who now seeks IFP status, had accumulated three strikes, within the meaning of 28 U.S.C. § 1915(g), prior to commencing this action. It is also clear that he has not demonstrated that his qualifies for the imminent danger exception to the three strikes provision of section 1915(g). Accordingly, I recommend that his application for IFP be denied, and that he be directed to pay the required filing fee within thirty days of the date of issuance of an order from the assigned district judge concerning this recommendation. It is therefore hereby respectfully

ORDERED, that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED; and it is further

RECOMMENDED, that plaintiff be ordered, within thirty days from the date of any decision and order adopting this report and recommendation, to pay the $400 filing fee; and it is further

RECOMMENDED, that if the filing fee is not received by the court

within that time period, the clerk be directed to dismiss plaintiff's complaint and close this matter, without further order of the court.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this courts local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: October 11, 2013
Syracuse, NY